# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANIQUE R. N. PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>KETTERER BROWN & ASSOCIATES, LLC<br>("KBA"); ("KBD")<br>BRIAN KETTERER, ESQ.;<br>CHRISTINA GRAZIANO, ESQ.;<br>ELIZABETH VAN PELT, ESQ.;<br>REZA DAVANI, ESQ.;<br>DEREK BRASLOW, ESQ.;<br>THE COCHRAN FIRM-D.C. OFFICE;<br>SANDRA ROBINSON, ESQ.;<br>JANE DOES DEFENDANTS 1—10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    **Case: 1:25-cv-03947**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT ELIZABETH VAN PELT'S
## <u>MOTION TO DISMISS</u>

COMES NOW Elizabeth Van Pelt by and through undersigned counsel and pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure hereby moves to dismiss the Plaintiff's Complaint on the grounds that this Court lacks personal jurisdiction over Ms. Van Pelt because the Plaintiff has failed to perfect service as required by Federal Rule 4.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2025, Shanique Perez filed a Complaint in the United States District Court for the District of Columbia purporting to state various claims against lawyers who had represented her in prior litigation.  Among the individual attorneys named as defendants is Ms. Van Pelt, whom she alleges was one of many lawyers employed by Ketterer Brown & Associates

("KBA"). *See* Compl. ¶ 9, 29.  On January 2, 2026, Perez purportedly served Ms. Van Pelt by leaving the Summons and Complaint with the receptionist at KBA.  However, Ms. Van Pelt is not now and has never been an employee of KBA, nor has she ever authorized that firm to accept service of process on her behalf. *See* Libbey Van Pelt Declaration at 2, **attached as Exhibit A**.

Attorney Van Pelt was unaware of this lawsuit until Friday, January 30th, 2026, when John Thompson ("Mr. Thompson") called Ms. Van Pelt to notify her that he had mistakenly entered a notice of appearance and answered the Complaint on her behalf.  On Monday, February 2, 2026, Mr. Krause filed a Motion to Strike Answer to Complaint and Motion to Withdraw as Attorney for Ms. Van Pelt. *See* Dkt. Nos. 15 & 16.  On February 4, 2026, Ms. Van Pelt was stricken from the Answer filed by Mr. Thompson, who represents KBA and their attorneys in the above-captioned matter.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(5), "a complaint may be dismissed…for insufficient service of process." *Smith v. Overseas Korean Cultural Heritage Found.*, 279 F. Supp. 3d 293, 295 (D.D.C. 2018). "A motion under Rule 12(b)(5) is the 'proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.'" *Id*. at 296. "When challenged on these grounds, the plaintiff has the burden of establishing proper service of process." *Id*. "To do so, [s]he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [which governs summonses] and any other applicable provision of law." *Jouanny v. Embassy of Fr.*, 220 F. Supp. 3d 34, 38 (D.D.C. 2016).

**ARGUMENT**

**I.    Plaintiff Cannot Demonstrate That She Properly Served the Summons and Complaint on Ms. Van Pelt**

The Plaintiff cannot show that she has perfected service under Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") because she has failed to serve the Summons and a copy of the Complaint using any of the acceptable means set forth in Rule 4(e).  Under Rule 4(e), an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service by process.

Fed. R. Civ. P. 4(e)(1)-(2).

Plaintiff did not accomplish proper service under Rule 4(e)(1) because she failed to serve process on Ms. Van Pelt personally, on any member of her household of suitable age, or on any agent authorized to accept service on her behalf. *See McLaughlin v. Fidelity Sec. Life Ins*., 667 A.2d 105, 106 (Ct. of App. 1995).  Similarly, Plaintiff failed to accomplish service under Rule 4(e)(2)(A)-(C) because she did not serve process on Ms. Van Pelt herself, leave a copy at Ms. Van Pelt's residents or usual place of abode with someone of suitable age, or deliver a copy to an agent authorized by appointment or by law to receive service of process.

"Insufficient service of process … 'warrant[s] the court's dismissing [the plaintiff's claim] without prejudice" under Federal Rule of Civil Procedure 12(b)(5)." *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13 (D.D.C. 2016).  A defendant can waive proper service by making a general appearance notwithstanding the defect. *See McAdoo v. Ormes*, 47 App. D.C. 364, 372 (D.D.C. 1918) ("[A] general appearance by a defendant…confers jurisdiction of the person to the same extent as if he were a resident of the State or district and had been duly served with process.").  In this case, the lawyer who filed an answer with Ms. Van Pelt's name included had no authority from her or from anyone acting on her behalf to do so.  Plainly, a blunder for which Ms. Van Pelt is not responsible.  Once she learned of the lawsuit and pleadings filed in her name, she immediately insisted that the filing lawyer correct his mistake, which he did.  Ms. Van Pelt did not waive her right to be properly served with process.

## CONCLUSION

For the foregoing reasons, Ms. Van Pelt requests that the Court dismiss the Complaint without prejudice pursuant to Rule 12(b)(5).

Dated: March 4, 2026                    Respectfully submitted,

                                    _____/s/ James W. Walker_____
                                    James W. Walker, Esq. (D.C. Bar No. 495552)
                                    O'HAGAN MEYER, PLLC
                                    411 E. Franklin Street, Suite 500
                                    Richmond, Virginia 23219
                                    (804) 403 -7100 – Telephone
                                    (804) 403-7110 – Facsimile
                                    Email: jwalker@ohaganmeyer.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2026, a true and correct copy of Defendant

Libbey Van Pelt's Motion to Dismiss was served via PACER, and FedEx on:

Shanique R.N. Perez
1705 January Drive, Apt. 304
Silver Spring, MD 20904
shaniqueperez@gmail.com
*Pro Se*

And via ECF on

John K. Thompson
LEWIS BRISBOIS BISGAARD & SMITH LLC
100 Light Street
Suite 1300
Baltimore, MD 21202
443-758-5530
Thompson.john94@gmail.com
*Counsel for Ketterer Browne & Associates, LLC, Brain Ketterer, Christina Graziano, Whitney Butcher, and Reza Davani*

Robert Scott Krause
LEWIS BRISBOIS BISGAARD & SMITH LLC
400 E. Pratt Street
8th Floor
Baltimore, MD 21202
(410) 525-6397
scott.krause@lewisbrisbois.com
*Counsel for Ketterer Browne & Associates, LLC, Brain Ketterer, Christina Graziano, Whitney Butcher, Reza Davani and Derek Braslow*

Laura Nachowitz Steel
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 K Street, NW
Suite 330
Washington, DC 20005
(T) (202) 626 -7660
(F) (202) 6280 3606
laura.steel@wilsonelser.com
*Counsel for Cochran Firm – D.C. Office and Sandra Robinson*

　　　　　　　　　　　　　　　　　/s/ James W. Walker

5