# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANIQUE R. N. PEREZ,       * | |
|     Plaintiff,          * | |
| v.          * | Civil Action No. 1:25-cv-03947 - RC |
|       * | |
| KETTERER BROWNE & ASSOCIATES, LLC * | |
| ("KBA"); ("KBD")     * | |
| BRIAN KETTERER, ESQ.;     * | |
| CHRISTINA GRAZIANO, ESQ.;     * | |
| WHITNEY BUTCHER, ESQ.;     * | |
| ELIZABETH VAN PELT, ESQ.;     * | |
| REZA DAVANI, ESQ.;     * | |
| DEREK BRASLOW, ESQ.:     * | |
| THE COCHRAN FIRM – D.C. OFFICE;     * | |
| SANDRA ROBINSON, ESQ.;     * | |
| JANE DOE DEFENDANTS 1–10,     * | |
|       * | |
|     Defendants.       * | |

---

## NOTICE OF FILING

Plaintiff Shanique Roseanne Nicole Perez hereby gives notice of the filing of her Opposition to Defendant Elizabeth Van Pelt's Motion to Dismiss.

The Opposition is attached hereto and incorporated by reference.

Respectfully submitted,

_Shanique Perez_ (She/Her/Hers)

Pro Se Defendant and Counter-Plaintiff

April 7, 2026

RECEIVED

APR 0 7 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| SHANIQUE R. N. PEREZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:25-cv-03947 |
| | * | |
| KETTERER BROWNE & ASSOCIATES, LLC | * | |
| ("KBA"); ("KBD") | * | |
| BRIAN KETTERER, ESQ.; | * | |
| CHRISTINA GRAZIANO, ESQ.; | * | |
| WHITNEY BUTCHER, ESQ.; | * | |
| ELIZABETH VAN PELT, ESQ.; | * | |
| REZA DAVANI, ESQ.; | * | |
| DEREK BRASLOW, ESQ.: | * | |
| THE COCHRAN FIRM – D.C. OFFICE; | * | |
| SANDRA ROBINSON, ESQ.; | * | |
| JANE DOE DEFENDANTS 1–10, | * | |
| | * | |
| Defendants. | * | |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT ELIZABETH VAN PELT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(5)

INTRODUCTION

Defendant Elizabeth Van Pelt moves to dismiss on the narrow ground of insufficient service of process under Rule 12(b)(5). The motion should be denied. At most, any defect in service is technical and readily curable. Defendant indisputably has actual notice of this action, has appeared through counsel, and identifies no prejudice whatsoever. Under Federal Rule of Civil Procedure 4(m) and well-settled precedent, dismissal is neither required nor appropriate. The proper course—if the Court finds service deficient—is to permit re-service, not to terminate the action.

LEGAL STANDARD

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Even where service is defective, dismissal is not automatic. Under Rule 4(m), the Court must extend the time for service upon a showing of good cause and retains broad discretion to grant an extension even absent good cause. See Fed. R. Civ. P. 4(m).

Courts in this District routinely decline to dismiss where (1) the defendant has actual notice of the action, (2) there is no prejudice, and (3) service can be readily cured. See, e.g., Jouanny v. Embassy of Fr., 220 F. Supp. 3d 34, 38 (D.D.C. 2016).

ARGUMENT

I. DISMISSAL IS UNWARRANTED BECAUSE DEFENDANT HAS ACTUAL NOTICE AND SUFFERS NO PREJUDICE

Defendant does not—and cannot—dispute that she has actual notice of this lawsuit. She has retained counsel and filed the present motion. That alone defeats any claim of prejudice.

Courts consistently hold that dismissal under Rule 12(b)(5) is inappropriate where a defendant has actual notice and cannot demonstrate prejudice. See Jouanny, 220 F. Supp. 3d at 38.

Here, Defendant identifies no prejudice whatsoever. Her motion rests solely on a technical challenge to the manner of service. That is insufficient to warrant dismissal.

II. ANY DEFECT IN SERVICE IS TECHNICAL AND CURABLE

Defendant argues that service was ineffective because the summons and complaint were left with personnel at Ketterer Brown & Associates, LLC, and that such entity was not authorized to accept service on her behalf.

Even assuming arguendo that service did not strictly comply with Rule 4(e), such a defect is procedural—not jurisdictional—and is readily curable. Courts routinely decline to dismiss in these circumstances and instead permit re-service. See Jouanny, 220 F. Supp. 3d at 38.

Plaintiff made a good-faith effort to effect service at a location reasonably connected to Defendant's professional activities as alleged in the Complaint. Any deficiency does not justify dismissal of the action.

## III. RULE 4(m) REQUIRES OR, AT MINIMUM, STRONGLY FAVORS AN EXTENSION OF TIME TO EFFECT SERVICE

Under Rule 4(m), the Court must extend the time for service upon a showing of good cause and retains discretion to do so even absent such a showing.

Here, multiple factors weigh strongly in favor of an extension:

- Plaintiff attempted service in good faith;
- Defendant has actual notice of the action;
- Defendant suffers no prejudice; and
- Service can be promptly cured.

Dismissal in these circumstances would elevate form over substance and undermine the strong preference for resolving cases on their merits.

## IV. IN THE ALTERNATIVE, THE COURT SHOULD QUASH SERVICE AND PERMIT RE-SERVICE

Even where service is defective, the appropriate remedy is not dismissal, but quashing service and allowing the plaintiff an opportunity to properly serve the defendant. See Jouanny, 220 F. Supp. 3d at 38.

Accordingly, if the Court finds service insufficient, it should quash service and grant Plaintiff a reasonable period to effect proper service.

V. THE COURT SHOULD AUTHORIZE SERVICE BY THE UNITED STATES MARSHALS

To ensure efficient and proper service, Plaintiff respectfully requests that the Court authorize service by the United States Marshals pursuant to Rule 4(c)(3). This will eliminate any further dispute regarding the sufficiency of service and promote judicial economy.

CONCLUSION

For the foregoing reasons, Defendant Elizabeth Van Pelt's Motion to Dismiss pursuant to Rule 12(b)(5) should be DENIED. In the alternative, the Court should (1) quash service, (2) grant Plaintiff an extension of time under Rule 4(m), and (3) authorize service by the United States Marshals.

WHEREFORE

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY Defendant Elizabeth Van Pelt's Motion to Dismiss;
2. Alternatively, QUASH the purported service and GRANT Plaintiff additional time to effect proper service pursuant to Rule 4(m);
3. AUTHORIZE service by the United States Marshals pursuant to Rule 4(c)(3); and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Shanique Perez (She/Her/Hers)
Pro Se Defendant and Counter-Plaintiff

April 7, 2026