**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SHANIQUE PEREZ, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 25-03947 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 5, 17, 24, 30, 32 |
| | : | | |
| KETTERER, BROWNE & ASSOCIATES, LLC, *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**DISMISSING PLAINTIFF'S COMPLAINT *SUA SPONTE* FOR LACK OF SUBJECT-MATTER JURISDICTION; DENYING AS MOOT DEFENDANTS THE COCHRAN FIRM—D.C., PLLC AND SANDRA ROBINSON'S MOTION TO DISMISS; DENYING AS MOOT DEFENDANT ELIZABETH VAN PELT'S MOTIONS TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT VAN PELT'S MOTION TO DISMISS; GRANTING PLAINTIFF'S SHORT MOTION FOR CLARIFICATION REGARDING SCOPE OF CLAIMS**

## I. INTRODUCTION

In November 2025, Plaintiff Shanique Perez filed the instant lawsuit against several named defendants, including two law firms—Ketterer, Browne & Associates, LLC ("KBA") and The Cochran Firm – D.C., PLLC ("Cochran")—and individual attorneys, including Sandra Robinson ("Attorney Robinson") and Elizabeth Van Pelt ("Attorney Van Pelt"). Proceeding *pro se*, Ms. Perez asserts claims of legal malpractice, breach of fiduciary duty, fraudulent concealment, civil conspiracy, and more in connection with Defendants' past representation of her. None of those claims arise under federal law. Although Ms. Perez invokes federal question jurisdiction, she expressly states that she is "not at this time asserting a fully pled civil RICO [Racketeer Influenced and Corrupt Organizations Act] cause of action" and instead "preserves all rights to assert such a claim." *See* Compl. ¶¶ 1, 215, 220, ECF No. 1. For the reasons discussed

below, the Court concludes that Ms. Perez has not asserted a claim within the Court's original jurisdiction and therefore *sua sponte* dismisses Ms. Perez's complaint without prejudice. Because the court lacks jurisdiction to adjudicate Ms. Perez's claims, it does not reach the arguments made by Defendants Cochran, Attorney Robinson, and Attorney Van Pelt that the claims should be dismissed under Federal Rules of Civil Procedure 8(a)(2), 9(b), 12(b)(5), and 12(b)(6). The Court therefore denies Defendants' motions to dismiss as moot. The Court also denies as moot Ms. Perez's motion for an extension of time to file her opposition to Attorney Van Pelt's motion.

## II. BACKGROUND

Ms. Perez alleges that, on several occasions starting in 2004, an individual "with institutional proximity" to the D.C.-area schools she attended as a teenager kidnapped, trafficked, and abused her, with school and local police officials failing to intervene. *Id.* ¶¶ 14–18. Following a "prematurely closed" criminal investigation into the schools' failure to report that abuse, Ms. Perez retained Cochran in 2018 "to investigate and file civil litigation" stemming from the trafficking and related mistreatment she endured in her youth. *Id.* ¶¶ 21, 24.

Cochran alleges that it filed suit on Ms. Perez's behalf in 2018. *See* Cochran & Robinson Mot. to Dismiss 1 & n.1, ECF No. 17. That action*, Doe v. KIPP DC Supporting Corporation et al.*, No. 18-cv-00260 ("*Perez I*"), was dismissed without prejudice in January 2019. *Doe v. Kipp DC Supporting Corp.*, 373 F. Supp. 3d 1, 15 (D.D.C. 2019). After Cochran's representation ended in 2019, Ms. Perez retained KBA. *See* Compl. ¶ 29; Pl.'s Opp'n to Cochran & Robinson's Mot. to Dismiss 4, ECF No. 26. KBA subsequently represented Ms. Perez in a second action arising out of the same underlying events. *See generally Perez v. KIPP DC Supporting Corp. et al.*, No. 21-cv-00929 ("*Perez II*"); *see* Van Pelt Mem. in Support of Second Mot. to Dismiss 2,

ECF 30-1 ("Van Pelt Mem. in Supp. of 2d Mot to Dismiss"). Attorney Van Pelt alleges that she served as local counsel during the initial pleading stage of *Perez II* and withdrew in January 2022. Van Pelt Mem. in Supp. of 2d Mot. to Dismiss 2. *Perez II* proceeded through an appeal and remand, after which this Court granted in part and denied in part a motion to dismiss and permitted Ms. Perez to amend several of her claims. *Id.* at 2–3. The parties thereafter conducted discovery, and two of the defendants in that action filed motions for summary judgment, which remain pending before this Court. *Id.* at 3. According to Attorney Van Pelt, Ms. Perez discharged KBA in 2025 and thereafter proceeded *pro se* in *Perez II*. *Id.* at 3 & n.2.

Ms. Perez now takes issue with her former attorneys' handling of both actions. As to the representation in *Perez I*, she asserts that she provided documentation, timelines, and other information regarding her claims, and that Attorney Robinson, then a senior attorney at Cochran, "repeatedly assured [Ms. Perez] the case was being evaluated and prepared for filing." Compl. ¶¶ 11–12, 25–26. Ms. Perez further alleges that Cochran failed to properly investigate her claims, file her case, advise her of statutory deadlines, and preserve her Title IX claims, all while concealing those failures from her. *Id.* ¶ 27.

As to the representation in *Perez II*, Ms. Perez alleges that KBA and other attorneys "engaged in a pattern of decisions that undermined [her] case," including by removing key witnesses, failing to pursue certain claims, making strategy decisions that benefited the schools at issue, and generally contributing to "structural sabotage" of the case. *Id.* ¶¶ 29–31. Ms. Perez also suggests that, from 2023 to 2025, KBA colluded with opposing counsel to delay and otherwise suppress the release of information relevant to her case, causing "severe, ongoing prejudice." *Id.* ¶¶ 32–35.

Against that backdrop, Ms. Perez filed this action *pro se* on November 14, 2025, naming the two law firms, Attorney Robinson, Attorney Van Pelt, and other individual attorneys involved in the two representations as defendants. *Id.* at 1. She asserts claims of legal malpractice, breach of fiduciary duty, fraud/fraudulent concealment, negligent misrepresentation, civil conspiracy, aiding and abetting, negligent supervision and retention, "loss of chance / litigation sabotage," and intentional and negligent infliction of emotional distress. *See id.* ¶¶ 36–214 (Counts I–IX).

Ms. Perez's complaint also contains a section denominated "COUNT X—PRESERVATION OF CIVIL RICO CLAIM (18 U.S.C. §§ 1961–1964)." *See id.* ¶¶ 215–21. But Ms. Perez expressly states there that she "is not at this time asserting a fully pled civil RICO cause of action." *Id.* ¶ 215. Rather, she "preserves all rights to assert such a claim" via an amended complaint "once additional discovery, subpoena production, and federal records become available." *Id.*; *see also id.* ¶ 220 ("Plaintiff expressly preserves her right to amend this Complaint to assert a full civil RICO cause of action. . . once the necessary factual basis is obtained through discovery. . . "). Nevertheless, in the complaint's jurisdictional statement, Ms. Perez invokes federal-question jurisdiction on the ground that the action "preserves claims under federal statutes including RICO" and "involves federal rights including Title IX implications, obstruction of justice, and deprivation of access to courts." *Id.* ¶ 1. She invokes supplemental jurisdiction over her D.C. law claims on that basis. *Id.* ¶ 2.

Shortly after filing the complaint, Ms. Perez filed a motion to clarify the scope of her claims, which the Court grants. *See generally* Pl.'s Mot. to Clarify, ECF No. 5. She explains that she "does not presently assert a civil cause of action under the [RICO], 18 U.S.C. §§ 1961–1968." *Id.* at 2. Nor does she "seek relief under the RICO statute in this action." *Id.* at 2.

KBA and some of the individual defendants answered the complaint on January 24, 2026. *See* First Answer, ECF No. 12. Defendant Derek Braslow answered the complaint on January 30, 2026. *See* Second Answer, ECF No. 14. Cochran and Attorney Robinson jointly moved to dismiss the complaint on February 4, 2026, primarily arguing that Ms. Perez's claims against them are untimely and inadequately pleaded or unavailable. *See* Cochran & Robinson Mot. to Dismiss 7–26. Attorney Van Pelt moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) on March 4, 2026, asserting that Ms. Perez failed to properly serve the summons and complaint on her. *See* Van Pelt First Mot. to Dismiss 3–4, ECF No. 24. On August 10, 2026, Attorney Van Pelt filed another motion to dismiss. *See* Van Pelt Second Mot. to Dismiss, ECF No. 30. She argues that Ms. Perez's claims are untimely, inadequately pleaded, or otherwise not cognizable under District of Columbia law. *See* Van Pelt Mem. in Supp. of 2d Mot. to Dismiss 7–27.

## III. LEGAL STANDARD

A court "must always assure itself of its subject-matter jurisdiction regardless of whether a party has raised a challenge." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018). Indeed, "[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008). The party asserting subject-matter jurisdiction bears the burden of establishing that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction," and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375,

377 (1994). Congress has granted district courts original jurisdiction principally over two categories of civil actions: "diversity" cases, which in relevant part involve citizens of different states and the amount in controversy exceeds $75,000, and "federal question" cases, which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331–1332.

As relevant here, a case may arise under federal law in two ways. "Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Jenkins v. Howard Univ.*, 123 F.4th 1343, 1346 (D.C. Cir. 2024) (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). This category "accounts for the vast bulk of suits that arise under federal law." *Id.* (citation omitted). Federal-question jurisdiction also extends to a "slim category" of cases involving state-law claims in which a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by congress." *D.C. Ass'n of Chartered Pub. Schs. v. Dist. of Columbia*, 930 F.3d 487, 491 (D.C. Cir. 2019) (quoting *Gunn*, 568 U.S. at 257).

## IV. ANALYSIS

Because Ms. Perez has failed to establish that the Court has subject-matter jurisdiction over this case, the Court cannot proceed to the merits of her claims and must dismiss her complaint without prejudice. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 101 (D.D.C. 2010), *aff'd*, 407 F. Appx. 489 (D.C. Cir. 2011); *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014)..

### A. Federal-question jurisdiction

The Supreme Court has long held that a suit arises under federal law—so as to fall within the federal courts' subject-matter jurisdiction—"only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or [the] Constitution." *Louisville &*

*Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Under the "well-pleaded complaint rule," federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is therefore "the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Indeed, federal jurisdiction "may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

Here, Ms. Perez has not asserted a cause of action created by federal law. Although she invokes federal-question jurisdiction "because the Complaint preserves claims under federal statutes including RICO," the complaint expressly states that she "is not at this time asserting a fully pled civil RICO cause of action." Compl. ¶¶ 1, 215. Instead, she "preserves all rights to assert such a claim" through a future amendment "once additional discovery, subpoena production, and federal records become available." *Id.* ¶ 215.; *see also id.* ¶ 220 ("Plaintiff expressly asserts her right to amend this Complaint to assert a full civil RICO cause of action . . . .").[1]

Ms. Perez's reservation of the right to assert a RICO claim in the future does not make RICO a cause of action asserted now. The Supreme Court recently reaffirmed that, as "the master of the complaint," a plaintiff "gets to determine which substantive claims to bring" and thereby may "establish—or not—the basis for a federal court's subject-matter jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). In other words, "jurisdiction

[1] Shortly after filing her complaint, Ms. Perez clarified that she "does not presently assert a civil cause of action under [RICO] . . ." and does not "seek relief under the RICO statute in this action." Pl.'s Mot. to Clarify 2. Instead, she explains, references to "racketeering, enterprise conduct, or coordinated activity" appear "solely as contextual facts" and "are not advanced as independent statutory causes of actions." *Id.*

follows the operative pleading. . . ." *Id.* at 39. Thus, although Ms. Perez may seek to amend her complaint to assert a RICO claim in the future, the possibility of such an amendment does not supply jurisdiction over the action as it presently stands. *See id.* at 36 ("Adding federal claims can create federal jurisdiction where it once was wanting."); *Loren v. Morgan Stanley*, No. CIVA 06-2132 DRD, 2006 WL 2023180, at *3 (D.N.J. July 18, 2006) ("[M]ere contemplation or anticipation of a federal claim is not analogous to the assertion of that claim.").

Nor do the complaint's other references to federal law establish federal-question jurisdiction. Ms. Perez states that this action "involves federal rights including Title IX implications, obstruction of justice, and deprivation of access to courts." Compl. ¶ 1. But none of her asserted claims arises under those federal laws or rights, and she does not identify any federal issue that must necessarily be resolved to adjudicate the claims she actually asserts. *See D.C. Ass'n of Chartered Pub. Schs.*, 930 F.3d at 489. Although the Court takes seriously its obligation to construe *pro se* filings liberally, *see Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 392, 397 (D.C. Cir. 2020), an oblique, undeveloped reference to "federal rights" that may be implicated by Ms. Perez's claims does not suffice to establish that her action arises under federal law. *See Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69, 72 (D.D.C. 2011) (concluding that references to the Fourth Amendment in the complaint did not establish federal question jurisdiction where the plaintiffs had not "pled any violation of the Fourth Amendment"). This is especially true given that Title IX, the statute Ms. Perez adduces in support of federal-question jurisdiction, has no bearing on this case before the Court. While her underlying dispute with school officials may have involved Title IX, Ms. Perez does not suggest that Title IX is the basis of her suit against the named firms and attorneys here. Nor could it be. Title IX carries an implied private right of action against federally funded programs

that engage in discrimination—not against entities like Defendants. *See Doe v. Columbia*, 151 F.4th 435, 446 (D.C. Cir. 2025).

**B. Diversity jurisdiction**

To the extent that diversity jurisdiction may exist here, thereby empowering the Court to hear this case under 28 U.S.C. § 1332, Ms. Perez has not pleaded sufficient facts to make that determination. Specifically, she has not pleaded complete diversity of citizenship between the parties, nor has she pleaded an amount in controversy greater than $75,000. *See generally* Compl. §§ II ("The Parties"), V ("Damages").[2]

**C. Supplemental jurisdiction**

Ms. Perez invokes 28 U.S.C. § 1367 as a basis for jurisdiction over her D.C. law claims. *See* Compl. ¶ 2. But Section 1367(a) authorizes supplemental jurisdiction when the district court already has "original jurisdiction" over the action. 28 U.S.C. § 1367(a). Because Ms. Perez has not established either federal question or diversity jurisdiction over any claim in this action, there is no claim within the Court's original jurisdiction to which her D.C. law claims can attach.

**V. CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** Ms. Perez's complaint (ECF No. 1) without prejudice, **DENIES** as moot the pending motions to dismiss (ECF Nos. 17, 24, 30), **DENIES** as moot Ms. Perez's motion for an extension of time to file her opposition to Attorney Van Pelt's motion (ECF No. 32), and **GRANTS** Ms. Perez's motion for clarification (ECF No. 5). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

---

[2] The Court expresses no opinion on whether Ms. Perez could properly assert diversity jurisdiction in an amended complaint.

Dated: September 24, 2026

RUDOLPH CONTRERAS
United States District Judge